# EXHIBIT A

**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/26/24
```

| | |
|---|---|
| JEANNE BELLINO, | Case No. 1:24-cv-00712-LAK |
| Plaintiff, | |
| -against- | NOTICE OF MOTION TO AMEND COMPLAINT |
| STEVEN VICTOR TALLARICO a/k/a STEVEN TYLER, an individual; and DOES 1 -DOE 50, whose identities are unknown to Plaintiff, | ORAL ARGUMENT REQUESTED |
| Defendants. | |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff hereby moves the Court for leave to file an amended complaint. In support of this Motion, Plaintiff relies upon the accompanying Memorandum of Law, dated March 13, 2024, and the exhibits annexed thereto; together with all of the prior pleadings and proceedings in this action.

Dated: March 13, 2024

                              Respectfully submitted,

                              */s/ Nahid A. Shaikh*
                              Jeffrey R. Anderson
                              Nahid A. Shaikh
                              **JEFF ANDERSON & ASSOCIATES, P.A.**
                              363 7th Ave., 12th Floor
                              New York, NY 10001
                              Telephone: (646) 759-2551
                              Email: *Jeff@AndersonAdvocates.com*
                              Email: *Nahid@AndersonAdvocates.com*

                              *Counsel for Plaintiff*

Memorandum Endorsement                                    Bellino v. Tallarico, 24-cv-0712 (LAK)

       Plaintiff purports to bring this action under New York City's Victims of Gender-Motivated Violence Protection Act ("VGMVPA"), N.Y.C. Ad. Code, title 11, §§ 10-1101 *et seq*, to recover damages allegedly sustained by a crime of violence motivated by gender that she claims was committed in approximately 1975 when she was approximately 17 years of age. The matter is before the Court on plaintiff's motion for leave to file an amended complaint. (Dkt 15)

       The VGMVPA was enacted by the New York City Council and became effective on December 19, 2000. N.Y.C., N.Y., Local Law No. 73 Int. 752-A (2000). Among other things, it created a cause of action for damages sustained in consequence of crimes of violence motivated by gender. A "crime of violence" was defined in relevant part as "an act or series of acts that would constitute a misdemeanor or felony against the person as defined in state or federal law . . . if the conduct presents a serious risk of physical injury to another, whether or not those acts have actually resulted in criminal charges, prosecution, or conviction." *Id.* at § 8-903(a). And the VGMVPA required also that any action to recover under its provisions "be commenced within seven years after the alleged crime of violence motivated by gender occurred" with exceptions not relevant here in view of the fact that plaintiff reached adulthood decades ago and alleges no disability that impaired her ability to bring suit when she did so. *Id.* at § 8-905(a).

       The Court assumes for purposes of this motion – albeit without deciding – that the amended complaint sufficiently alleges that the defendant, in or about 1975, committed a "crime of violence" motivated by gender within the meaning of the VGMVPA. As the VGMVPA was not enacted until approximately 25 years after the alleged crime of violence occurred and does not even purport to be retroactive, the proposed amended complaint would fail to state a legally sufficient claim under that statute even on the Court's assumptions.

       Despite the fact that plaintiff premises the proposed amended complaint exclusively on the VGMVPA, the Court recognizes that the facts pleaded at least arguably would have given rise in or about 1975 to a claim for battery. But plaintiff had not then reached an age sufficient to bring suit. The toll by reason of plaintiff's age-based disability would have ended at her eighteenth birthday – in or about 1976. N.Y. CPLR §§ 208, 105(j). The statute of limitations for battery is one year. *Id.* at § 215(3). Accordingly, it would have expired on plaintiff's nineteenth birthday, which was decades ago.

       Plaintiff has not contended that her claim is timely on any basis save the VGMVPA. Nevertheless, the Court has considered whether plaintiff's battery claim was revived under either of two potentially relevant state statutes that revived for limited periods certain previously time-barred claims based on sexual offenses, the Adult Survivors Act (the "ASA") and the Child Victims Act (the "CVA"). *Id.* at §§ 214-j, 214-g. But the revival provision of the ASA could not apply here at least because it applies only to harm caused by offenses against persons who were at least eighteen years of age at the time of those offenses. *Id.* at § 214-j. Nor could the analogous provision of the CVA, at least because the revival period thereunder applies only to actions commenced no later than two years and six months after its effective date, which was February 14, 2019. *Id.* at § 214-g. This action was commenced on November 2, 2023, more than four years after the effective date of the CVA.

       Accordingly, the motion for leave to amend is denied on the ground of futility. As no other amendment that would save any claim for plaintiff has been suggested or appears, the action is dismissed with prejudice. The Clerk shall close the case.

       SO ORDERED.

Dated:      April 26, 2024

                                                                       Lewis A. Kaplan
                                                              United States District Judge