# EXHIBIT B

Case 1:24-cv-07778-JLR    Document 48-2    Filed 02/11/25    Page 1 of 7

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. LYLE E. FRANK | PART | 11M |
| | *Justice* | | |

-----------------------------------------------------------------X

ARLENE J. DELGADO,

                                     Plaintiff,

                                     - v -

DONALD J. TRUMP FOR PRESIDENT, INC.,JAMESTOWN ASSOCIATES, LLC,JASON MILLER

                                     Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 952333/2023 |
| MOTION DATE | 04/11/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 52, 53, 54, 55, 61, 88, 91

were read on this motion to/for                           DISMISS                 .

      Upon the foregoing documents, defendant's motion is granted.

## Background

      Arlene Delgado ("Plaintiff") served as a Senior Advisor in Communications and a Hispanic Outreach Director for Donald J. Trump for President, Inc (the "Trump Campaign") from September 2016 to January 2017. While working for the Trump Campaign, Plaintiff's direct supervisor was the man who extended her the job offer, Jason Miller ("Miller"). Miller was also employed by Jamestown Associates, LLC ("Jamestown"), a vendor for the Trump Campaign. Plaintiff alleges that, beginning with an incident in Nevada, she was "subjected to a cycle of sexual coercion, rape, sexual assault, abuse, battery, sexual harassment, and sex trafficking" by Miller. Plaintiff filed her complaint on November 22, 2023, with an amended complaint filed in March of 2024. Jamestown brings the present motion to dismiss.

## Standard of Review

952333/2023    DELGADO, ARLENE J. vs. DONALD J. TRUMP FOR PRESIDENT, INC. ET AL    Page 1 of 6
Motion No. 004

1 of 6

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

## Discussion

Of the eight causes of action in the amended complaint, all but the third are pled against Jamestown combined with other defendants. Jamestown is moving to dismiss these on the grounds that they fail to state a claim. They argue that Plaintiff has failed to allege any connection between Miller's alleged actions and Jamestown, and that there are no stated facts that would give rise to liability on Jamestown's part. There are also more specific arguments regarding each individual claim.

Jamestown's presence in the amended complaint is limited, and none of the causes of action contain specific allegations against Jamestown as distinguished from other defendants. The relevant allegations in the amended complaint (taken as true under the motion to dismiss

952333/2023   DELGADO, ARLENE J. vs. DONALD J. TRUMP FOR PRESIDENT, INC. ET AL   Page 2 of 6
Motion No. 004

2 of 6

standard) are as follows: that Miller was an employee of Jamestown; that Jamestown was a vendor on the campaign; that Jamestown should have vetted Miller more closely before hiring him; that along with the Trump Campaign Jamestown "personally and financially and otherwise benefited as a result of these acts and omissions by keeping Miller sexually satisfied and content"; and finally a statement that at the time of the alleged misdeeds, Miller was "acting in the course of his business and/or job duties" for the Trump Campaign and Jamestown. While most of the causes of action against Jamestown are based on a vicarious liability theory, the fourth and eighth cause of action involve direct liability for Jamestown.

*The Amended Complaint Does Not Adequately Allege a Vicarious Liability Claim Against Jamestown*

Several of the few statements directed at Jamestown are little more than a simple legal conclusion. While facts pled are deemed true for motion to dismiss purposes, "allegations consisting of bare legal conclusions, as well as factual claims inherently incredible or flatly contradicted by documentary evidence are not entitled to such consideration." *Caniglia v. Chicago Tribune- New York News Syndicate*, 204 A.D.2d 233, 233-34 (1st Dept. 1994). What remains are that Miller was employed by Jamestown in some capacity at the time of the acts in question, and that there is some sort of connection between Jamestown and the Trump Campaign. The issue then becomes whether this is enough to sustain any of the claims against Jamestown.

While the amended complaint does expand beyond a simple conclusory statement that Miller's alleged tortious actions were taken in the course of his duties for an employer, these alleged facts all pertain solely to the Trump Campaign. Plaintiff worked for the Trump Campaign where Miller was her supervisor, Plaintiff's pregnancy is stated to have been caused

952333/2023   DELGADO, ARLENE J. vs. DONALD J. TRUMP FOR PRESIDENT, INC. ET AL                Page 3 of 6
Motion No. 004

3 of 6

by "her Trump Campaign supervisor; on the Trump campaign; and quite literally at a Trump property." The general rule is that an employer can only be held vicariously liable for an employee's tortious acts when they are committed in the scope of employment. *Adams v. New York City Transit Auth.*, 88 N.Y.2d 116, 119 (1996). There is simply no alleged nexus between Miller's actions and his employment with Jamestown outside of a conclusory statement that there must be, let alone any facts alleged showing the acts to have been done in the course of Miller's employment with *Jamestown* as opposed to the Trump Campaign. The first, second, fifth, and seventh causes of action all fail to allege a claim against Jamestown.

<u>The Amended Complaint Does Not Adequately Allege a Violation of the Gender-Motivated Violence Protection Law Against Jamestown</u>

In the fourth cause of action, Plaintiff alleges that Jamestown is liable as an enabler as defined under the Victims of Gender-Motivated Violence Protection Law ("VGMVPL"). The VGMVPL allows for an injured party to pursue a cause of action against a "party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender." NYC Admin. Code § 10-1104. The extent of allegations that Jamestown enabled the violations of the VGMVPL are a simple conclusory statement that both the Trump Campaign and Jamestown so enabled Miller, and another statement that the Trump Campaign and Jamestown "provided the means whereby Miller would be a supervisor of plaintiff in unsupervised contexts."

The problem here is that there is no allegation regarding what role Jamestown had with the Trump Campaign outside of "vendor", no allegation that Plaintiff ever interacted with Miller in his role as an employee of Jamestown rather than the Trump Campaign, that any of the alleged tortious acts took place in any recognizable scope of employment for Jamestown, or that

952333/2023   DELGADO, ARLENE J. vs. DONALD J. TRUMP FOR PRESIDENT, INC. ET AL   Page 4 of 6
Motion No. 004

4 of 6

Jamestown indeed had any connection to the events described in the amended complaint outside of also employing Miller. Even assuming any fact outside of a bare legal conclusion asserted by Plaintiff is true, there is not enough in the amended complaint to sustain a cause of action against Jamestown. All of Miller's access to Plaintiff appears from the amended complaint to have been provided via his status in the Trump Campaign, which does not form the basis for a viable claim against his other employer. The fourth cause of action fails to state a viable claim against Jamestown.

*The Amended Complaint Does Not Adequately Allege a Claim of Negligent Hiring Against Jamestown*

The final claim against Jamestown alleges that they were negligent in hiring Miller. A "cause of action for negligent hiring and retention requires allegations that an employer knew of its employee's harmful propensities, that it failed to take necessary action, and that this failure caused damages to others." *Waterbury v. New York City Ballet, Inc.*, 205 A.D.3d 154, 160 (1st Dept. 2022). Such a claim "does not need to be pleaded with specificity." *Id.* The amended complaint alleges facts that would show that Miller's employers knew or should have known of his harmful propensities and that damage was caused to Plaintiff. The issue is whether Jamestown failed to take any necessary action. Because, as stated above, there are no factual allegations that any of Plaintiff's interactions with Miller were the result of Miller's employment with Jamestown, and that Miller was never alleged to be placed as a supervisor of Plaintiff by Jamestown (as opposed to the Trump Campaign), the amended complaint fails to allege a necessary element of a negligent hiring claim. Accordingly, it is hereby

ADJUDGED that defendant's motion is granted; and it is further

952333/2023   DELGADO, ARLENE J. vs. DONALD J. TRUMP FOR PRESIDENT, INC. ET AL   Page 5 of 6
Motion No. 004

5 of 6

ADJUDGED that the amended complaint is dismissed as against Jamestown Associates, LLC; and it is further

ORDERED that the matter is severed and remains as to the other defendants in this action.

20250131160947LFRANK99001D3D6DAF4C658E1F9197C33AA51E

| 1/30/2025 | | | |
|---|---|---|---|
| DATE | | LYLE E. FRANK, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

952333/2023   DELGADO, ARLENE J. vs. DONALD J. TRUMP FOR PRESIDENT, INC. ET AL   Page 6 of 6
Motion No. 004

6 of 6