**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOHN DOE,                                               :
                                                        :
                        Plaintiff,                      :
                                                        :
            v.                                          :        Case No. 24-CV-07778 (JLR)
                                                        :
SEAN COMBS, DADDY'S HOUSE                               :        **ORAL ARGUMENT REQUESTED**
RECORDINGS INC., CE OPCO, LLC d/b/a                     :
COMBS GLOBAL f/k/a COMBS ENTERPRISES                    :
LLC, BAD BOY ENTERTAINMENT HOLDINGS, :
INC., BAD BOY PRODUCTIONS HOLDINGS,                     :
INC., BAD BOY BOOKS HOLDINGS, INC., BAD :
BOY RECORDS LLC, BAD BOY                                :
ENTERTAINMENT LLC, BAD BOY                              :
PRODUCTIONS LLC, and ORGANIZATIONAL                     :
DOES 1-10.                                              :

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS THE COMPLAINT AGAINST**
**THE COMBS DEFENDANTS**


SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendants Sean Combs,*
*Daddy's House Recordings Inc., CE OpCo,*
*LLC (t/a Combs Global) f/k/a Combs*
*Enterprises, LLC, Bad Boy Entertainment*
*Holdings, Inc., Bad Boy Productions*
*Holdings, Inc., Bad Boy Books Holdings,*
*Inc., Bad Boy Entertainment LLC, and Bad*
*Boy Productions LLC*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT ......................................................................................... 1

FACTS ALLEGED IN THE COMPLAINT ....................................................................... 2

STANDARD OF REVIEW ................................................................................................. 3

ARGUMENT ...................................................................................................................... 3

     I.     PLAINTIFF'S GMVL CLAIM FAILS BECAUSE THE ALLEGED
           CONDUCT PREDATES IT AND THE GMVL CANNOT BE APPLIED
           RETROACTIVELY ................................................................................... 3

     II.    PLAINTIFF'S GMVL CLAIM FAILS BECAUSE THE ALLEGED
           CONDUCT OCCURRED OUTSIDE OF NEW YORK CITY ........................... 5

     III.   PLAINTIFF'S GMVL CLAIM IS UNTIMELY BECAUSE STATE
           LAW PREEMPTS THE GMVL'S REVIVAL PROVISION ............................ 6

     IV.   PLAINTIFF FAILS TO ALLEGE THE REQUIRED "SERIOUS
           RISK OF PHYSICAL INJURY" ELEMENT OF A GMVL CLAIM ................ 10

     V.    PLAINTIFF FAILS TO ALLEGE THE REQUIRED GENDER
           ANIMUS ELEMENT OF A GMVL CLAIM ....................................... 11

     VI.   THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS
           FAILS BECAUSE THE GMVL DID NOT APPLY TO CORPORATE
           ENTITIES AT THE TIME OF THE ALLEGED MISCONDUCT ..................... 13

     VII.  THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS
           FAILS BECAUSE THERE ARE NO ALLEGATIONS OF CONDUCT
           SUBJECTING THEM TO LIABILITY ............................................... 15

CONCLUSION ................................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Jenkins*,
No. 115745/03, 2005 WL 6584554 (Sup. Ct. N.Y. Cnty. Apr. 22, 2005) ............................. 4, 5

*Adorno v. Corr. Servs. Corp.*,
312 F. Supp. 2d 505 (S.D.N.Y. 2004) ................................................................................. 17

*AJ Energy LLC v. Woori Bank*,
No. 18-cv-3735 (JMF), 2019 WL 4688629 (S.D.N.Y. Sept. 26, 2019) ............................... 3, 19

*Albany Area Builders Ass'n v. Town of Guilderland*,
74 N.Y.2d 372 (1989) ......................................................................................................... 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................................ 3

*Atuahene v. City of Hartford*,
10 F. App'x 33 (2d Cir. 2001) ........................................................................................ 15, 16

*B.L. v. Agarkar*,
82 Misc. 3d 846 (Sup. Ct. N.Y. Cnty. 2024) ..................................................................... 12

*Bardwil Indus. Inc. v. Kennedy*,
No. 19 CIV. 8211 (NRB), 2020 WL 2748248 (S.D.N.Y. May 27, 2020) ............................ 16

*Bass v. World Wrestling Fed'n Ent., Inc.*,
129 F. Supp. 2d 491 (E.D.N.Y. 2001) ............................................................................... 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................................................................................................... 3, 18

*Bellino v. Tallarico*,
No. 24-cv-00712, (S.D.N.Y. Apr. 26, 2024), Dkt. No. 28 ................................................. 4

*Bellino v. Tallarico*,
No. 24-cv-0712 (LAK), 2024 WL 1344075 (S.D.N.Y. Feb. 21, 2024) ................... 7, 9, 10, 11

*Bensky v. Indyke*,
No. 24-CV-1204 (AS), 2024 WL 3676819 (S.D.N.Y. Aug. 5, 2024) ............................. 14, 15

*Beter v. Baughman*,
No. 24-CV-0079 (GHW) (RFT), 2024 WL 1333570 (S.D.N.Y. Mar. 13, 2024) .................. 17

*Beverley v. 1115 Health & Benefits Fund*,
420 F. Supp. 2d 47 (E.D.N.Y. 2005) ................................................................................. 5

*Breest v. Haggis*,
    180 A.D.3d 83 (1st Dep't 2019) ......................................................................... 13

*Casper v. Lew Lieberbaum & Co.*,
    No. 97 Civ. 3016 (JGK), 1998 WL 150993 (S.D.N.Y. Mar. 31, 1998) ..................... 5

*Cronin v. Hertz Corp.*,
    818 F.2d 1064 (2d Cir. 1987)............................................................................ 17

*Delgado v. Donald J. Trump for President, Inc.*,
    No. 952333/2023 (Sup. Ct. N.Y. Cnty. Jan. 30, 2025), NYSCEF No. 127............ 16

*DJL Rest. Corp. v. City of New York*,
    96 N.Y.2d 91 (2001) ........................................................................................ 7

*Doe v. Alsaud*,
    12 F. Supp. 3d 674 (S.D.N.Y. 2014) .............................................................. 18, 19

*Doe v. Black* ,
    No. 23-CV-6418 (JGLC), 2024 WL 4335453 (S.D.N.Y. Sept. 27, 2024) ............... 9

*Doe v. Combs*,
    No. 23-CV-10628 (JGLC), 2024 WL 4987044 (S.D.N.Y. Dec. 5, 2024)............... 9, 13, 14, 15

*Doe v. New York City Dep't of Educ.*,
    No. 21-cv-4332, 2023 WL 2574741 (E.D.N.Y. Mar. 20, 2023)............................ 19

*Doe v. Solebury Sch.*,
    No. 21-cv-06792 (LLS), 2022 WL 1488173 (S.D.N.Y. May 11, 2022) ................. 19

*Doe v. Telemundo Network Grp. LLC*,
    No. 22 Civ. 7665 (JPC), 2023 WL 6259390 (S.D.N.Y. Sept. 26, 2023).................. 6

*Doe v. the Lee Strasberg Theatre & Film Institute*,
    2023 WL 8895417 (Sup. Ct. N.Y. Cnty. Dec. 21, 2023)....................................... 4

*Duffy v. Drake Beam Morin*,
    No. 96 Civ. 5606 (MBM), 1998 WL 252063 (S.D.N.Y. May 19, 1998) ................. 6

*Eckhart v. Fox News Network LLC*,
    No. 20-cv-5593 (RA), 2021 WL 4124616 (S.D.N.Y. Sep. 9, 2021) ............... 10, 11, 12

*Forest Park Pictures v. Universal Television Network, Inc.*,
    683 F.3d 424 (2d Cir. 2012)............................................................................... 3

*Ghartey v. St. John's Queens Hosp.*,
    869 F.2d 160 (2d Cir. 1989)............................................................................... 3

*Giunta v. Dingman*,
   893 F.3d 73 (2d Cir. 2018)...................................................................................... 3

*Gleason v. Gleason*,
   26 N.Y.2d 28 (1970) .............................................................................................. 5

*Gottwald v. Sebert*,
   2016 N.Y. Slip Op. 32815[U] (Sup. Ct. N.Y. Cty. Apr. 6, 2016) ........................... 6

*Gottwald v. Sebert*,
   40 N.Y.3d 240 (2023) ........................................................................................ 4, 5

*Hughes v. Twenty-First Century Fox, Inc.*,
   304 F. Supp. 3d 429 (S.D.N.Y. 2018)............................................................... 12, 13

*JL v. The Rockefeller University*,
   2023 WL 3757389 (Sup. Ct. N.Y. Cnty. May 25, 2023)....................................... 4

*Jugmohan v. Zola*,
   No. 98 CIV. 1509 (DAB), 2000 WL 222186 (S.D.N.Y. Feb. 25, 2000)................. 12

*K.W. v. Cnty. of Rockland*,
   83 Misc. 3d 1023 (Sup. Ct. Rockland Cnty. 2024)................................................ 7

*Louis v. Niederhoffer*,
   No. 23-cv-6470 (LTS), 2023 WL 8777015 (S.D.N.Y. Dec. 19, 2023) ................. 4, 5

*Majewski v. Broadalbin-Perth Cent. Sch. Dist.*,
   91 N.Y.2d 577 (1998) ............................................................................................ 5

*Mohamad v. Palestinian Auth.*,
   566 U.S. 449 (2012) ............................................................................................. 14

*N.X. v. Cabrini Med. Ctr.*,
   97 N.Y.2d 247 (2002) .......................................................................................... 19

*Nero v. Uphold HQ Inc.*,
   688 F. Supp. 3d 134 (S.D.N.Y. 2023)................................................................... 12

*Nesbeth v. N.Y.C. Mgmt. LLC*,
   No. 17 Civ. 8650 (JGK), 2019 WL 110953 (S.D.N.Y. Jan. 4, 2019)..................... 16

*Oawlawolwaol v. Boy Scouts of Am.*,
   No. 21-cv-4714 (PKC) (JMW), 2021 WL 4355880  (E.D.N.Y. Sept. 24, 2021) ...... 7

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
   No. 12 Civ. 2837 (KBF), 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012) ................. 15

*O'Rear v. Diaz,*
    No. 24 Civ. 1669 (PAE), 2025 WL 283169 (S.D.N.Y. Jan. 23, 2025)....................... 16, 17, 18

*Parker v. Alexander,*
    No. 24-CV-4813 (LAK), 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025) ............................ 7, 8, 9

*Regina Metro. Co., LLC v. New York State Div. of Hous. and Cmty. Renewal,*
    35 N.Y.3d 332 (2020) ...................................................................................... 4, 9, 10

*Rossbach v. Montefiore Med. Ctr.,*
    No. 19CV5758 (DLC), 2021 WL 930710 (S.D.N.Y. Mar. 11, 2021) ........................ 10, 11, 13

*Swarna v. Al-Awadi,*
    622 F.3d 123 (2d Cir. 2010)........................................................................................ 19

**Statutes**

New York Penal Code §§ 130 *et seq.* ............................................................................ 7

**Rules**

CPLR § 214.................................................................................................................. 9, 18

CPLR § 214-g .............................................................................................................. 7

CPLR § 214-j .............................................................................................................. 7, 8, 9

Fed. R. Civ. P. 8(a)(2)................................................................................................... 15

Fed. R. Civ. P. 12(b)(6)................................................................................................. 3

**Other Authorities**

N.Y.C. Admin. Code § 2-201 ......................................................................................... 5

N.Y.C. Admin. Code § 8-904 ......................................................................................... 6

N.Y.C. Admin. Code § 10-1102 ..................................................................................... 13

N.Y.C. Admin. Code § 10-1103 ..................................................................................... 10

N.Y.C. Admin. Code § 10-1104 ..................................................................................... *passim*

N.Y.C. Admin. Code § 10-1105 ..................................................................................... 6, 8

This memorandum of law is respectfully submitted on behalf of defendants Sean Combs ("Mr. Combs"), Daddy's House Recordings Inc., CE OpCo, LLC d/b/a Combs Global f/k/a Combs Enterprises, LLC, Bad Boy Entertainment Holdings, Inc., Bad Boy Productions Holdings, Inc., Bad Boy Books Holdings, Inc., Bad Boy Entertainment LLC, and Bad Boy Productions LLC (collectively, the "Combs Defendants," and excluding Mr. Combs, the "Company Defendants") in support of their motion to dismiss the Complaint (ECF #1, the "Complaint" or "Compl.") with prejudice.

## PRELIMINARY STATEMENT

Mr. Combs denies the entirely false and salacious claims against him in the Complaint and is confident that he and the Company Defendants (against whom no misconduct or participation is even alleged) would be fully vindicated if this case were to proceed to trial.   This case, however, should not proceed to trial because Plaintiff's single claim, brought under New York City's Victims of Gender-Motivated Violence Protection Law ("GMVL"), is both time barred and otherwise fails to state a claim upon which relief can be granted.  Accordingly, this lawsuit should be dismissed in its entirety at the pleading stage.

Plaintiff's GMVL claims fails from the outset because the statute did not exist at the time of the alleged conduct and it cannot be applied retroactively.  The only incident alleged in the Complaint occurred in 1998, and the GMVL did not exist until 2000.

Plaintiff's GMVL claim also fails because this law is inapplicable to conduct occurring outside of New York City.  Because Plaintiff alleges misconduct that occurred exclusively in Long Island, this law provides no cause of action here.

Plaintiff's GMVL claim also fails because it is time-barred.  Even if a claim could be stated retroactively (it cannot), Plaintiff's claim expired long before the GMVL's seven-year statute of

limitations had run. And the GMVL's two-year revival window does not apply because it is preempted by overlapping state law, as other courts in this district have found.

Even if it were timely (it is not), the GMVL claim would still independently fail because it does not allege the required element of a serious risk of physical injury. The conduct alleged here—that Mr. Combs briefly fondled Plaintiff at a party—does not satisfy this element.

Plaintiff's further fails to allege the required GMVL element of gender animus. Plaintiff does not allege facts sufficient to support a plausible inference that Mr. Combs' alleged same-sex assault against him was somehow motivated Mr. Combs' hatred for his own gender. To the contrary, Plaintiff (falsely and maliciously) alleges that Mr. Combs has a long history of victimizing both men and women indiscriminately.

Finally, even if Plaintiff had pled a GMVL claim against Mr. Combs (he has not), the claim against the Company Defendants necessarily fails. The GMVL only applied to natural persons, not entities, until it was amended in 2022. As courts in this district have unanimously held, the GMVL therefore cannot be retroactively applied to company conduct pre-dating 2022. Moreover, even if the GMVL could be applied to the Company Defendants (it cannot), there are no allegations of specific conduct by them that could render them liable under the GMVL.

For these reasons, the Complaint should be dismissed in its entirety against the Combs Defendants.

## FACTS ALLEGED IN THE COMPLAINT[1]

Plaintiff alleges that he attended a party at Mr. Combs' residence in the Hamptons in 1998. Compl. ¶¶ 34-36. At this party, Plaintiff allegedly dropped his pants at Mr. Combs' request, and Mr. Combs "inspected" and touched Plaintiff's genitals with his hand. *Id.* ¶¶ 38-41. No other

---

[1]    While the Combs Defendants vehemently deny the allegations in the Complaint and will disprove them if the case proceeds to the merits, these allegations are taken as true for the purposes of this motion to dismiss.

incidents are alleged apart from this alleged fondling at a party in 1998 in the Hamptons.

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a district court "accept[s] all of the complaint's factual allegations as true and draw[s] all reasonable inferences in the plaintiffs' favor." *Giunta v. Dingman*, 893 F.3d 73, 79 (2d Cir. 2018). The complaint must, however, plead allegations that state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has 'facial plausibility' when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012) (quoting *Ashcroft*, 556 U.S., at 678). It is not enough to assert mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555. A court "is not required to credit conclusory allegations unsupported by facts . . . or to suspend common sense in conducting its analysis." *AJ Energy LLC v. Woori Bank*, No. 18-cv-3735 (JMF), 2019 WL 4688629, at *3 (S.D.N.Y. Sept. 26, 2019), *aff'd*, 829 F. App'x 533 (2d Cir. 2020) (internal citation omitted).

"Where the dates in a complaint show that an action is barred by a statute of limitations," a defendant may move for pre-answer dismissal on those grounds. *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). "Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Id*.

## ARGUMENT

### I.    PLAINTIFF'S GMVL CLAIM FAILS BECAUSE THE ALLEGED CONDUCT PREDATES IT AND THE GMVL CANNOT BE APPLIED RETROACTIVELY

The GMVL claim fails from the start because the only alleged misconduct predates the enactment of the GMVL. The sole incident alleged in the Complaint occurred at a party in 1998.

3

*See* Compl. ¶¶ 34-41.  The GMVL's civil cause of action first became effective on December 19, 2000.  *See* N.Y.C. Admin Code § 10-1104 ("Section added L.L. 73/2000 § 1, eff. Dec. 19, 2000.").

Every court that has considered the issue has held that the GMVL cannot be applied retroactively, and therefore alleged misconduct pre-dating December 2000 cannot support a GMVL claim as a matter of law.  *See*, *e.g.*, Declaration of Mark Cuccaro in Support of Motion to Dismiss, dated Feb. 11, 2025 ("Cuccaro Decl."), Ex. A, *Bellino v. Tallarico*, 24-cv-00712, (S.D.N.Y. Apr. 26, 2024), Dkt. No. 28 at 2  (amendment futile because "[GMVPA] was not enacted until … after the alleged crime of violence occurred ***and does not even purport to be retroactive***") (emphasis added)); *Louis v. Niederhoffer*, No. 23-cv-6470 (LTS), 2023 WL 8777015, at *1–2 (S.D.N.Y. Dec. 19, 2023) (holding that the GMVL could not be applied retroactively to conduct pre-dating its enactment); *Doe v. the Lee Strasberg Theatre & Film Institute*, 2023 WL 8895417, *2 (Sup. Ct. N.Y. Cnty. Dec. 21, 2023) (similar); *JL v. The Rockefeller University*, 2023 WL 3757389, *6 (Sup. Ct. N.Y. Cnty. May 25, 2023) (similar); *Adams v. Jenkins*, No. 115745/03, 2005 WL 6584554, at *3 (Sup. Ct. N.Y. Cnty. Apr. 22, 2005) (same).   "The fact that the GMV Law was amended in 2022—to reopen the statute of limitations for GMV Law claims for a two-year period . . . does not alter this conclusion."  *Louis*, 2023 WL 8777015, at *1; *accord the Lee Strasberg Theatre & Film Institute*, 2023 WL 8895417, at *2 (noting that the New York City Council's 2022 "lookback" window "explicitly only 'revives' claims, it does not create them").  Accordingly, Plaintiff's GMVL claim necessarily fails as a matter of law.

The case law precluding retroactive application of the GMVL is consistent with New York law's strong general presumption against retroactivity.  *See Gottwald v. Sebert*, 40 N.Y.3d 240, 258 (2023); *Regina Metro. Co., LLC v. New York State Div. of Hous. and Cmty. Renewal*, 35 N.Y.3d 332, 370 (2020).   "It takes a clear expression of the legislative purpose . . . to justify a

retroactive application" of a statute. *Gleason v. Gleason*, 26 N.Y.2d 28, 36 (1970) (citation and internal quotation marks omitted). The New York Court of Appeals has held that "statutes will not be given such construction unless the language expressly or by necessary implication requires it." *Gottwald*, 40 N.Y.3d at 258 (quoting *Majewski v. Broadalbin-Perth Cent. Sch. Dist.*, 91 N.Y.2d 577, 584 (1998)).

Nothing in the GMVL indicates "expressly or by necessary implication" that it should be applied retroactively. Thus, it is not surprising that both New York state and federal courts have unanimously held that the GMVL cannot be applied retroactively. *See Louis*, 2023 WL 8777015, at *1–2; *Adams*, 2005 WL 6584554, at *3. These holdings should be applied here, and the GMVL claim should be dismissed with prejudice for this reason alone.

## II.    PLAINTIFF'S GMVL CLAIM FAILS BECAUSE THE ALLEGED CONDUCT OCCURRED OUTSIDE OF NEW YORK CITY

Through the GMVL, New York City has created a cause of action for "any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender." N.Y.C. Admin. Code § 10-1104.

However, as with all provisions of the New York Administrative Code, the protections of the GMVL do not extend beyond the boundaries of New York City. *See* N.Y.C. Admin. Code § 2-201 (declaring that the "jurisdictions and powers" of New York City are limited to the five boroughs); *Bass v. World Wrestling Fed'n Ent., Inc.*, 129 F. Supp. 2d 491, 506 (E.D.N.Y. 2001) ("Both state and local law limits the Administrative Code's application to acts committed within New York City"); *see also Beverley v. 1115 Health & Benefits Fund*, 420 F. Supp. 2d 47, 56 n.2 (E.D.N.Y. 2005) ("The NYC Code . . . applies only to *acts* occurring within the boundaries of New York City." (emphasis in original)); *Casper v. Lew Lieberbaum & Co.*, No. 97 Civ. 3016

(JGK), 1998 WL 150993, at *4 (S.D.N.Y. Mar. 31, 1998) (same); *Duffy v. Drake Beam Morin*,

No. 96 Civ. 5606 (MBM), 1998 WL 252063, at *11 (S.D.N.Y. May 19, 1998) (same).

For this reason, GMVL claims must be dismissed where the alleged misconduct did not

occur in New York City.  *See Gottwald v. Sebert,* 2016 N.Y. Slip Op. 32815[U], at *9 (Sup. Ct.

N.Y. Cty. Apr. 6, 2016) (Kornreich, J.) (GMVL claim "dismissed because the jurisdiction and

powers of the City are limited to its geographical borders and [the plaintiff] does not allege any

violent acts that occurred in New York City");[2] *Doe v. Telemundo Network Grp. LLC*, No. 22

Civ. 7665 (JPC), 2023 WL 6259390, at *12 (S.D.N.Y. Sept. 26, 2023) (dismissing GMVL claim

because plaintiff failed to make any allegations connecting the claim to New York City).

Applying this principle here, the Plaintiff's claims are not covered by the GMVL.  All of

the alleged misconduct in the Complaint took place at a residence in the Hamptons in Long

Island, which is not located in New York City.  *See* Compl. ¶¶ 34-36.  Because Plaintiff does not

allege that any misconduct happened in New York City, his GMVL claim necessarily fails.  *See*

*Gottwald*, 2016 N.Y. Slip Op. 32815[U], at *9; *Telemundo*, 2023 WL 6259390, at *12.

## III.    PLAINTIFF'S GMVL CLAIM IS UNTIMELY BECAUSE STATE LAW PREEMPTS THE GMVL'S REVIVAL PROVISION

Even if the GMVL could be applied retroactively (it cannot) or to conduct occurring

outside New York City (it cannot), Plaintiff's claim would still be time-barred.  Plaintiff's claim

is based on a single incident that allegedly occurred in 1998.  *See* Compl. ¶¶ 34-41.  Because the

GMVL's statute of limitations is seven years, this claim would have expired nearly two decades

before it was filed.  *See* N.Y.C. Admin. Code § 10-1105(a) (seven-year statute of limitations for

GMVL).  Plaintiff cannot save his expired GMVL claim by invoking a recent amendment that

---

[2]    At the time *Gottwald* was decided, the GMVL was codified at N.Y.C. Admin. Code § 8-904, as part of the Civil Rights Title.  It was redesignated § 10-1104 on October 16, 2018.  *See* N.Y.C. Admin. Code § 10-1104, Derivation ("Section amended and redesignated (formerly § 8-904) L.L. 63/2018 § 47, eff. Oct. 16, 2018.").

purports to establish a revival window through 2025, because that amendment is preempted by New York State law. *See Parker v. Alexander,* No. 24-CV-4813 (LAK), 2025 WL 268436, at *2-3 (S.D.N.Y. Jan. 22, 2025) (holding that the GMVL's revival window is preempted by the CVA and ASA); *Bellino v. Tallarico*, No. 24-cv-0712 (LAK), 2024 WL 1344075, at *1 (S.D.N.Y. Feb. 21, 2024) (same).

State law may preempt local law expressly or implicitly. *DJL Rest. Corp. v. City of New York*, 96 N.Y.2d 91, 95 (2001). Implicit preemption occurs when the state legislature has "enacted a comprehensive and detailed regulatory scheme in a particular area" such that the local government is "precluded from legislating on the same subject matter unless it has received 'clear and explicit' authority to the contrary." *Id.* (citations omitted); *see also Albany Area Builders Ass'n v. Town of Guilderland*, 74 N.Y.2d 372, 377 (1989) ("Where the State has preempted the field, a local law regulating the same subject matter is deemed inconsistent with the State's transcendent interest, whether or not the terms of the local law actually conflict with a State-wide statute."). That is precisely what the New York State Legislature did by its enactment of the Child Victims Act of 2019 (the "CVA") and its corollary for adult victims, the Adult Survivors Act (the "ASA").

Through the CVA and ASA, the legislature occupies the entire field of claim revival for sexual offense-related claims by establishing a comprehensive and detailed regulatory scheme. Together, the two statutes cover revival of *all claims and causes of action* for misconduct tied to a sexual offense under the New York Penal Code §§ 130 *et seq. See* CPLR §§ 214-g, 214-j. Both statutory revival windows have closed—on August 14, 2021, and November 24, 2023, for the CVA and ASA respectively. *See Oawlawolwaol v. Boy Scouts of Am.*, No. 21-cv-4714 (PKC) (JMW), 2021 WL 4355880, at *1 n.1 (E.D.N.Y. Sept. 24, 2021); *K.W. v. Cnty. of Rockland*, 83 Misc. 3d 1023, 1024 (Sup. Ct. Rockland Cnty. 2024).

Because the CVA and ASA exclusively occupy the entire field of claim revival for sexual offense-related claims, they therefore preempt the revival provision of the GMVL. *Parker*, 2025 WL 268436, at *2 ("The CVA and ASA therefore occupy the field of revival of civil claims arising from violations of state sexual offense penal statutes, preempting local laws like the [GMVL] Revival Amendment to the extent that they purport to revive the same category of claims.").

The sequence of enactments of the CVA and ASA further "confirms the legislature's intent to occupy the field." *Parker*, 2025 WL 268436, at *3. The GMVL's revival amendment was "enacted in January 2022, over four months before the passage of the ASA." *Id*. The New York state legislature could "easily could have carved the [GMVL] out of the ambit of the ASA." *Id*. Instead, it choose not to do so, applying the ASA "broadly to 'every civil claim or cause of action' brought by adult victims of sexual offenses" under Article 130 of New York Penal Law, necessarily including claims that could be brought under the GMVL. *Id*. Moreover, the ASA applies "notwithstanding any provision of law which imposes a period of limitation to the contrary." *Id*. (quoting CPLR § 214-j). The New York legislature "could have stated that the ASA applies notwithstanding any ***more restrictive*** limitations period." *Id*. (emphasis in original). But instead, it deliberately choose not to do so, "despite its presumed awareness" of the GMVL's earlier-enacted revival amendment. *Id.*

On their face, the GMVL's revival amendment conflicts with the CVA's and the ASA's revival windows. *Id*. ("The revival windows created by the ASA and the [GMVL] Revival Amendment conflict."). The GMVL authorizes claims for overlapping sexual offenses to be brought from March 1, 2023 through March 1, 2025. N.Y.C. Admin. Code § 10-1105(a). This is long after the revival windows had closed under the CVA (August 2021) and the ASA (November 2023). In other words, the GMVL amendment creates a new revival window for claims rooted in

sexual misconduct that is inconsistent with the deadlines set by the ASA and CVA. *Parker*, 2025 WL 268436, at *3. By extending the revival period for certain claims relating to sexual misconduct, the amendment's expansion stands in direct conflict with the ASA's and CVA's mandates that their revival periods control "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary." *Id*. (quoting CPLR §§ 214-j). Where, as here, "the legislature has intended to revive time-barred claims, it has typically said so unambiguously, providing a limited window when stale claims may be pursued." *Id*. Allowing the GMVL to extend the revival window for claims based on sexual offenses after the ASA's window closed "would conflict with the legislature's creation of such a limited window." *Id.*

Applying this logic, courts in this district have recently held that the ASA and CVA preempt the GMVL's revival amendment, thereby warranting dismissal of otherwise untimely claims falling outside of the ASA and CVA revival windows. *See id.* at *2-3 (dismissing GMVL claims falling outside CVA and ASA revival windows); *Bellino,* 2024 WL 1344075, at *1 (same).[3]

Furthermore, to the extent there is any doubt the ASA and/or CVA preempts GMVL's revival window, that doubt must be resolved in favor of preemption because "[r]evival is an extreme exercise of legislative power" and "[u]ncertainties are resolved against consequences so drastic." *Regina Metro. Co., LLC,* 35 N.Y.3d at 371. To balance this extreme exercise of legislative power and its "upsetting [of] the strong public policy favoring finality, predictability, fairness and repose served by [the] statute[] of limitations," the state legislature provides only "a

---

[3]    The Combs Defendants acknowledge that Judge Clarke recently issued two decisions rejecting the argument that the CVA preempts the GMVL. *See Doe v. Black*, No. 23-CV-6418 (JGLC), 2024 WL 4335453, at *3-7 (S.D.N.Y. Sept. 27, 2024); *Doe v. Combs*, No. 23-CV-10628 (JGLC), 2024 WL 4987044, at *2 (S.D.N.Y. Dec. 5, 2024).  Neither of those decisions substantively addressed, as *Parker* did, how the GMVL's revival provision could be given effect when it is inconsistent with the CVA and ASA's revival provisions which apply "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary" CPLR § 214. Moreover, in *Black*, Judge Clarke certified this very issue for interlocutory appeal to the Second Circuit, where the defendant's petition for interlocutory review is currently sub judice.  *See Doe v. Black*, 24-3025 (2d Cir.), Doc. Nos. 2, 5, 7.

limited window when stale claims may be pursued." *Id.* at 371–72. Here, the New York State Legislature made the deliberate choice to revive stale claims arising from sexual misconduct for only limited periods of time pursuant to the CVA and ASA. A local law cannot be permitted to upset that policy determination by creating an enlarged revival window for claims covered by the ASA's and CVA's revival windows. For these reasons, the GMVL claim must be dismissed as untimely.

## IV. PLAINTIFF FAILS TO ALLEGE THE REQUIRED "SERIOUS RISK OF PHYSICAL INJURY" ELEMENT OF A GMVL CLAIM

Plaintiff has also failed to plead a required element of a GMVL claim: that an alleged act of violence presented "a serious risk of physical injury" to the Plaintiff. *Eckhart v. Fox News Network LLC*, No. 20-cv-5593 (RA), 2021 WL 4124616, at *25 (S.D.N.Y. Sep. 9, 2021); *see also* N.Y.C. Admin. Code § 10-1104 (creating cause of action for victims of a "crime of violence motivated by gender"); *id*. § 10-1103 (defining "crime of violence" as "an act or series of acts that would constitute a misdemeanor or felony . . . *if the conduct presents a serious risk of physical injury* to another" (emphasis added)).

Plaintiff's allegations fail to make out the required element of a "serious risk of injury" from an alleged act of violence. Plaintiff alleges that Mr. Combs briefly fondled his genitals at a party. *See* Compl. ¶¶ 38-41. Plaintiff does not allege that he was subjected to any physical violence. *See id.* These allegations are insufficient to support a GMVL claim. *See Rossbach v. Montefiore Med. Ctr.*, No. 19CV5758 (DLC), 2021 WL 930710, at *11 (S.D.N.Y. Mar. 11, 2021) (allegations that Plaintiff was "groped" and subjected to "unwanted physical contact" insufficient to establish required element of serious risk of injury); *see also Bellino*, 2024 WL 1344075, at *1 ("The complaint in this case does not allege conduct presenting a serious risk of physical injury

and therefore fails to state a legally sufficient claim" under the GMVL.[4])

## V.    PLAINTIFF FAILS TO ALLEGE THE REQUIRED GENDER ANIMUS ELEMENT OF A GMVL CLAIM

Plaintiff has also failed to plead the required "gender animus" element of a GMVL claim. To plead a claim under the GMVL, "a plaintiff must plead that (1) the alleged act constitutes a misdemeanor or felony against the plaintiff; (2) presenting a serious risk of physical injury; *(3) that was perpetrated because of plaintiff's gender; (4) in part because of animus against plaintiff's gender*; and (5) resulted in injury."  *Eckhart*, 2021 WL 4124616, at *25 (emphasis added).

Plaintiff has failed to allege that the alleged misconduct was perpetrated "because of plaintiff's gender" and "in part because of an animus against plaintiff's gender." *Id*. "Generally, the animus element requires the plaintiff to present extrinsic evidence of the defendant's expressed hatred toward women as a group or allege specific actions and statements by the perpetrator during the commission of the alleged crime of violence." *Rossbach*, 2021 WL 930710, at *10.

We are aware of no cases in which a GMVL claim was sustained based on allegations that a man was motivated by animus towards other men, nor is a sufficient basis for any such claim alleged here.  Plaintiff does not allege that Mr. Combs targeted men in particular.  To the contrary, the Complaint alleges (falsely and maliciously) that Mr. Combs has a "persistent and pervasive pattern of abuse toward women, men, and minors."  Compl. ¶ 7; *see also* Compl. ¶¶ 12-19 (referring to multiple lawsuits by women alleging assault by Mr. Combs).  In an attempt to address this obvious contradiction in his own pleading, Plaintiff nonsensically alleges that Mr. Combs' alleged history of indiscriminate abuse is evidence of a special hatred for each group:

> Combs' long history of violence unequivocally establishes that his actions

---

[4]    The Complaint in *Bellino* included allegations that the defendant engaged in forcible kissing and touching of breasts, buttocks, and genitals.  *See* No. 24-cv-0712 (LAK), Dkt. No. 1, Ex. B.

are motivated by gender—both men and women. Combs has a profound contempt for women and a desire to dominate both minors and other men. His conduct shows a longstanding practice of denigrating, defeating and attempting to humiliate men, women and children. . . . But his actions are unequivocally motivated by the victims' particular gender and age.

Compl. ¶ 21. But it is logically inescapable that a purported animus against all genders is the same as an animus against no gender—they are all allegedly abused without prejudice and equally subject to heinous mistreatment. *See* "*Animus*," Merriam-Webster.com, https://www.merriam-webster.com/dictionary/animus (last visited Feb. 6, 2025) (defining animus as "a ***usually prejudiced*** and often spiteful or malevolent ill will") (emphasis added);[5] *cf. Jugmohan v. Zola*, No. 98 CIV. 1509 (DAB), 2000 WL 222186, at *4 (S.D.N.Y. Feb. 25, 2000) ("The fact that all previous victims of Defendant's unwanted sexual advances were women underscores Plaintiff's claim that Defendant was motivated by a gender animus towards women").

Furthermore, Plaintiff does not allege, as he must, that this particular incident was motivated by a hatred towards men. Verbal disparagement relating to the victim's gender is often invoked to satisfy the animus requirement. *See, e.g.*, *Eckhart*, 2021 WL 4124616, at *25 (alleged reference to victim as a "little whore" supported animus finding). But here, no such conduct is alleged. Compl. ¶¶ 34-41. Nor is it alleged that any physical force was used against the Plaintiff. *Id*. Thus, nothing about the alleged conduct indicates that Mr. Combs was allegedly motivated by animus against his own gender. *See Hughes v. Twenty-First Century Fox, Inc*., 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018) (even when presented with allegations of "egregious" conduct, "courts have dismissed GMVA claims based on the plaintiff's failure to state any facts showing that defendant's alleged acts demonstrated any hostility based on gender").

---

[5]      *Nero v. Uphold HQ Inc.*, 688 F. Supp. 3d 134, 139-40 (S.D.N.Y. 2023) ("When a term is not defined by statute, courts may 'look to its ordinary meaning found in contemporary dictionary definitions'" (citation omitted)); *B.L. v. Agarkar*, 82 Misc. 3d 846, 851 (Sup. Ct. N.Y. Cnty. 2024) (same).

In the context of alleged rape by a male against a female, the First Department has held that gender animus can be inferred from the nature of the act itself. *See Breest v. Haggis*, 180 A.D.3d 83, 94 (1st Dep't 2019). But where, as here, the alleged sexual misconduct falls short of rape, the element of animus cannot be so inferred. *See Rossbach*, 2021 WL 930710, at *11 (rejecting GMVL claim from plaintiff alleging that she was groped and stating: "[Plaintiff] points in her submission to *Breest*, in which a court held that gender-based animus could be inferred from rape. . . . But [plaintiff] does not allege that she was raped by [defendant], and she points to no authority indicating that the requisite animus element may be inferred in GMVPL cases not premised on rape.").[6]

## VI.    THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THE GMVL DID NOT APPLY TO CORPORATE ENTITIES AT THE TIME OF THE ALLEGED MISCONDUCT

Plaintiff's GMVL claim fails doubly on retroactivity grounds against the Company Defendants because the GMVL *did not apply* to corporate entities until it was amended in 2022. Just as the GMVL cannot be applied retroactively to anyone for conduct pre-dating 2000 (*see supra* § I), it also cannot be applied retroactively to corporate defendants based on conduct pre-dating the 2022 amendment that expanded liability to corporate entities. *See Combs,* 2024 WL 4987044, at *2 (holding that GMVL cannot be applied retroactively to alleged company conduct

---

[6]    Moreover, even if an actual rape were alleged (and it is not), we are unaware of any cases extending *Breest's* holding to a male-on-male assault, nor does the logic of its holding naturally so extend. While it may be reasonably inferable that a man who rapes a woman thereby expresses an animus towards women, it does not necessarily follow that a man assaulting a man is doing so out of a self-loathing hatred of his own gender. Extending *Breest*'s holding to such cases would also be at odds with the legislative purpose of the GMVL, which was to fill the "void left" by the Supreme Court's invalidation of the federal Violence Against Women Act. N.Y.C. Admin Code § 10-1102 (Declaration of legislative intent). The GMVL's declaration of intent emphasizes the particular prevalence and danger of violence against women. *Id.* (gender motivated violence is the "leading cause of injuries to women ages 15 to 44. . . . three out of four women will be the victim of a violent crime . . . 4,000,000 women a year are victims of domestic violence."); *see also Hughes*, 304 F. Supp. 3d at 455 ("actions arising from the statute are ***invariably*** predicated on reprehensible conduct against female victims" (emphasis added)). Thus, while a rape by a man against a woman can be presumed to be the type of injury that the GMVL was designed to address even in the absence of other evidence of animus, the same presumption does not apply to a male-on-male assault.

pre-dating 2022); *Bensky v. Indyke*, No. 24-CV-1204 (AS), 2024 WL 3676819, at *10 (S.D.N.Y. Aug. 5, 2024) (indirect liability claim under GMVL cannot be applied retroactively to conduct pre-dating 2022).

As originally enacted in 2000, the GMVL provided a cause of action against only the ***individual*** who perpetrated a gender-motivated crime of violence. The City Council's 2022 amendment to the statute expanded liability to any "***party*** who commits, ***directs, enables, participates in, or conspires*** in the commission of a crime of violence motivated by gender . . . ." N.Y.C. Admin. Code § 10-1104 (emphases added). This legislative history was described by Judge Clarke in a recent opinion involving claims against Mr. Combs:

> Prior to the 2022 amendment, the VGMVPL provided: "any person claiming to be injured by an *individual* who commits a crime of violence motivated by gender ... has a cause of action against such individual in any court of competent jurisdiction ...." N.Y.C. Admin. Code § 10-1104 (2000) (previously codified at § 8-904) (the "2000 VGMVPL") (emphases added). In 2022, the VGMVPL was amended to provide a civil cause of action against "any person claiming to be injured by a party who commits, *directs, enables, participates in, or conspires in the commission of* a crime of violence motivated by gender has a cause of action against such party in any court of competent jurisdiction ...." N.Y.C. Admin. Code § 10-1104 (the "2022 VGMVPL") (emphases added). The 2022 VGMVPL therefore appears to expand the scope of liability: whereas the 2000 VGMVPL applied to any "individual," the 2022 VGMVPL applies to any "party." And while the 2000 VGMVPL only included those who "commit[ed]" an action—the 2022 VGMVPL additionally includes those who "direct[ ], enable[ ], participate[ ] in, or conspire[ ] in" an action.

*Combs,* 2024 WL 4987044, at *2 (emphasis in original).

The Company Defendants could not have been held liable for any conduct under the original GMVL because they are not "individuals." *See id*. (holding that "individual" under the original GMVL is "a single person, as opposed to a group or institution" and therefore cannot apply to "corporations"); *see also Mohamad v. Palestinian Auth.*, 566 U.S. 449, 454–57 (2012) (explaining that the ordinary meaning of "individual" refers to "a natural person" as opposed to "a corporation").

The City Council's 2022 amendment to the GMVL expanded liability beyond individuals and their direct conduct, potentially reaching any type of party who "directs, enables, participates in, or conspires in" a GMVL violation. N.Y.C. Admin. Code § 10-1104. However, the courts addressing this amendment have unanimously found that it cannot be applied retroactively to conduct pre-dating 2022. *See Combs*, 2024 WL 4987044, at *4 ("the Court has concluded the 2022 VGMVPL is not retroactive"); *Bensky*, 2024 WL 3676819, at *9 (same conclusion).

Because all the alleged underlying conduct in the Complaint transpired long before the 2022 amendment expanding liability to corporate entities, the GMVL claims against the Company Defendants must be dismissed.

## VII. THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THERE ARE NO ALLEGATIONS OF CONDUCT SUBJECTING THEM TO LIABILITY

Even if the GMVL could be applied retroactively to the Company Defendants (it cannot), the Complaint does not allege a GMVL claim against them. The GMVL creates indirect liability against a party only where it "directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender." N.Y.C. Admin. Code § 10-1104. No such allegation is made against any of the Company Defendants, let alone all of them.

As an initial matter, the Complaint fails to differentiate at all between the Company Defendants, nor does it allege any specific conduct by them. This failure to distinguish between any of the Company Defendants alone warrants dismissal of the claims against them. Under Federal Civil Rule of Procedure Rule 8(a)(2), a complaint must "give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (quotation marks omitted). Accordingly, "[w]here a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants." *Ochre LLC v. Rockwell Architecture Planning & Design,*

*P.C.*, No. 12 Civ. 2837 (KBF), 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012), *aff'd*, 530 Fed Appx 19 (2d Cir. 2013). A complaint may not simply "lump[ ] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct." *Atuahene*, 10 F. App'x at 34; *accord Nesbeth v. N.Y.C. Mgmt. LLC*, 17 Civ. 8650 (JGK), 2019 WL 110953, at *3 (S.D.N.Y. Jan. 4, 2019). Accordingly, where, as here, "not a single allegation specifies which defendant engaged in what misconduct," dismissal for impermissible group pleading is warranted. *Bardwil Indus. Inc. v. Kennedy*, No. 19 CIV. 8211 (NRB), 2020 WL 2748248, at *3 (S.D.N.Y. May 27, 2020).

Even apart from its impermissible group pleading, none of the allegations in the Complaint can make out a GMVL claim against any of the Company Defendants. At most, the Complaint alleges in entirely conclusory manner that (1) all Company Defendants should have known of Mr. Combs' propensity for sexual assault and have taken measures to restrain him; or (2) that Mr. Combs used his positions at all Company Defendants in some unspecified way to commit assaults. *See* Compl. ¶¶ 47-50. None of these allegations give rise to a plausible inference that any of the Corporate Defendants "commit[ted], direct[ed], enable[d], participate[d] in, or otherwise conspire[d]" to commit a sexual assault. N.Y.C. Admin. Code § 10-1104; *O'Rear v. Diaz*, No. 24 Civ. 1669 (PAE), 2025 WL 283169, at *9 (S.D.N.Y. Jan. 23, 2025) (dismissing GMVL claim against entities because "as pled, the corporate defendants did not do anything to commit, direct, enable, participate in, or conspire in the commission" of alleged sexual assault) (cleaned up); Cuccaro Decl., Ex. B, *Delgado v. Donald J. Trump for President, Inc.*, No. 952333/2023 (Sup. Ct. N.Y. Cnty. Jan. 30, 2025), NYSCEF No. 127 (granting motion to dismiss GMVL claim against entity defendant because "[t]he extent of allegation that [entity] enabled the violations of the [GMVL] [we]re a simple conclusory statement that [the entity] so enabled [the alleged violence], and another statement that . . . [the entity] 'provided the means whereby [individual defendant]

would be a supervisor of plaintiff in unsupervised contexts'"); *see also Beter v. Baughman*, No. 24-CV-0079 (GHW) (RFT), 2024 WL 1333570, at *11, 13–14 (S.D.N.Y. Mar. 13, 2024), *report and recommendation adopted,* No. 24-CV-79-GHW-RFT, 2024 WL 1329066 (S.D.N.Y. Mar. 28, 2024) (finding plaintiff failed to state claims for aiding and abetting sexual assault against defendant who allegedly "introduced" plaintiff to the accused assaulter, "did so knowing that" the accused assault "had a history of improperly touching women," and told plaintiff "not to tell anyone about the alleged sexual assault," because "[n]othing in the Complaint supports a conclusion that [defendant] knew that his conduct would help [the alleged assaulter] sexually assault Plaintiff or that [defendant] intended to help [the alleged assaulter] sexually assault Plaintiff").

Indeed, there is not a single allegation that any specific person associated with any of the Corporate Defendants (other than Mr. Combs) had any knowledge of the alleged assault at all. *See O'Rear*, 2025 WL 283169, at *9 (dismissing GMVL claim against entities in absence of allegation that they "had foreknowledge of the crime").

Moreover, the vague and conclusory claim that the Company Defendants should have known about and somehow stopped Mr. Combs' actions sounds in negligence. *See Adorno v. Corr. Servs. Corp.*, 312 F. Supp. 2d 505, 517 (S.D.N.Y. 2004) (company defendant's alleged "notice of [employee's] propensity to commit sexual acts" from prior complaints was only relevant to negligence, not liability for the assault itself) (citing *Cronin v. Hertz Corp.*, 818 F.2d 1064, 1068 (2d Cir. 1987)).   But the GMVL does not create a cause of action for negligently failing to stop an act of gender-motivated violence.   It requires an active contribution to the violation, in the form of either "direct[ing], enabl[ing], participat[ing] in, or otherwise conspir[ing]" to commit it. N.Y.C. Admin. Code § 10-1104.   No such active contribution is alleged.   Plaintiff is impermissibly

attempting to do an end run around the three-year statute of limitations that would apply to a true negligence claim. *See* CPLR § 214. But the GMVL does not support claims for negligence and this attempt should be rejected.

Furthermore, Plaintiff's allegation that the Company Defendants could have prevented any alleged assault is not supported by a single factual allegation. Plaintiff does not allege any fact giving rise to the plausible inference that at the time of the alleged misconduct in 1998, any of the Corporate Defendants had knowledge of any purported propensities for misconduct. *See O'Rear*, 2025 WL 283169, at *9 (dismissing GMVL claim against entities in absence of allegation showing that company defendants had knowledge of individual perpetrator's "predilection to commit such a crime."). Instead, Plaintiff points to the mere fact of "other civil lawsuits" against Mr. Combs (Compl. ¶ 47), the earliest of which was filed in November 2023 (*id.* ¶ 12). Allegations in unsubstantiated lawsuits filed more than 20 years after the alleged incident do nothing to shore up an allegation that in 1998 any of the Corporate Defendants (let alone each of them) had any awareness of any purported propensity of misconduct. These allegations are nothing more than the sort of "formulaic recitation[s] of the elements" of the cause of action that courts routinely reject as insufficient. *Bell Atl. Corp.*, 550 U.S., at 555; *see also Doe v. Alsaud*, 12 F. Supp. 3d 674, 680 (S.D.N.Y. 2014) (granting motion to dismiss negligent supervision and retention claim where the pleadings lacked any factual allegations that the defendant "knew or should have known" of the tortfeasor's alleged "predisposition for abusing women, his violent propensities, and his status as a sexual predator, yet did nothing to stop it").

The only other allegation against the Company Defendants—that Mr. Combs "used his titles and authority conferred by the Combs Business . . . to facilitate and perpetuate the violent assault on Plaintiff"—fares no better. Compl. ¶ 50. As an initial matter, this is an entirely

conclusory statement that cannot be credited—it provides no explanation of how Mr. Combs'

affiliation with these entities was actually related to the alleged assault. *See AJ Energy LLC*, 2019

WL 4688629, at *3 (a court "is not required to credit conclusory allegations unsupported by

facts"). Moreover, the allegation only relates to actions by *Mr. Combs* to abuse his positions of

authority. It does not allege the kind of active participation by the Company Defendants that could

subject them to liability under the GMVL.

Finally, to the extent that Plaintiff's unclear and unsupported allegations are construed as

making a respondeat superior claim against the Company Defendants, this claim would

necessarily fail as a matter of law. Under New York law, an employer may be responsible for the

acts of its employees "only if those acts were committed in furtherance of the employer's

business and within the scope of employment." *N.X. v. Cabrini Med. Ctr.,* 97 N.Y.2d 247, 251

(2002). Sexual misconduct "arise[s] from personal motives and do[es] not further an employer's

business." *Swarna v. Al-Awadi*, 622 F.3d 123, 144–45 (2d Cir. 2010). Therefore, "[i]t is well-

settled in the Second Circuit" that "sexual misconduct is ***necessarily*** outside the scope of

employment." *Doe v. New York City Dep't of Educ*., No. 21-cv-4332, 2023 WL 2574741, at *5

(E.D.N.Y. Mar. 20, 2023) (emphasis added); *see also*, *e.g.*, *Doe v. Solebury Sch*., No. 21-cv-

06792 (LLS), 2022 WL 1488173, at *3-4 (S.D.N.Y. May 11, 2022) (dismissing vicarious liability

claim against employer related to sexual assaults); *Alsaud*, 12 F. Supp. 3d, at 677 (dismissing

respondeat superior claim against employer and noting that "[n]o decision in New York has been

cited to date in which the doctrine of respondeat superior was held to apply to sexual assault").

Accordingly, such misconduct cannot be imputed to a corporate employer.

Accordingly, no conduct supporting a violation of the GMVL has been alleged against the

Company Defendants, and the claim against them must be also be dismissed on this independent

ground.

## **CONCLUSION**

For all the foregoing reasons, the Combs Defendants respectfully request that the Court

issue an order dismissing the Complaint against them in its entirety with prejudice.


Dated: February 11, 2025
     New York, New York

                    Respectfully submitted,

                    SHER TREMONTE LLP

                    */s/ Mark Cuccaro*
                    Mark Cuccaro
                    Michael Tremonte
                    Erica Wolff
                    Raphael A. Friedman
                    90 Broad Street, 23rd Floor
                    New York, NY 10004
                    (212) 202-2600
                    mcuccaro@shertremonte.com
                    mtremonte@shertremonte.com
                    ewolff@shertremonte.com
                    rfriedman@shertremonte.com
                    *Attorneys for Combs Defendants*