**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOHN DOE,                                    :
                                             :
            Plaintiff,                       :
                                             :
      v.                                     :    Case No. 24-CV-07778 (JLR)
                                             :
SEAN COMBS, DADDY'S HOUSE              :    **ORAL ARGUMENT REQUESTED**
RECORDINGS INC., CE OPCO, LLC d/b/a   :
COMBS GLOBAL f/k/a COMBS ENTERPRISES  :
LLC, BAD BOY ENTERTAINMENT HOLDINGS, :
INC., BAD BOY PRODUCTIONS HOLDINGS,   :
INC., BAD BOY BOOKS HOLDINGS, INC., BAD :
BOY RECORDS LLC, BAD BOY               :
ENTERTAINMENT LLC, BAD BOY             :
PRODUCTIONS LLC, and ORGANIZATIONAL    :
DOES 1-10.                             :

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**MOTION TO DISMISS THE COMPLAINT AGAINST**
**THE COMBS DEFENDANTS**


SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendants Sean Combs,*
*Daddy's House Recordings Inc., CE OpCo,*
*LLC (t/a Combs Global) f/k/a Combs*
*Enterprises, LLC, Bad Boy Entertainment*
*Holdings, Inc., Bad Boy Productions*
*Holdings, Inc., Bad Boy Books Holdings,*
*Inc., Bad Boy Entertainment LLC, and Bad*
*Boy Productions LLC*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. iii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ...................................................................................................................... 2

    I.     PLAINTIFF'S GMVL CLAIM FAILS BECAUSE THE GMVL
          CANNOT BE APPLIED RETROACTIVELY ...................................................... 2

    II.    PLAINTIFF'S GMVL CLAIM FAILS BECAUSE THE ALLEGED
          CONDUCT OCCURRED OUTSIDE OF NEW YORK CITY ............................ 4

    III.   PLAINTIFF'S GMVL CLAIM IS UNTIMELY BECAUSE STATE LAW
          PREEMPTS THE GMVL'S REVIVAL PROVISION ......................................... 5

    IV.   PLAINTIFF FAILS TO ALLEGE THE REQUIRED "SERIOUS RISK
          OF PHYSICAL INJURY"..................................................................................... 7

    V.    PLAINTIFF FAILS TO ALLEGE THE REQUIRED GENDER ANIMUS
          ELEMENT OF A GMVL CLAIM ......................................................................... 9

    VI.   THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS
          FAILS BECAUSE THE GMVL DID NOT APPLY TO CORPORATE
          ENTITIES AT THE TIME OF THE ALLEGED MISCONDUCT .................... 10

    VII.  THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS
          FAILS BECAUSE THERE ARE NO ALLEGATIONS OF CONDUCT
          SUBJECTING THEM TO LIABILITY ............................................................... 10

CONCLUSION................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Jenkins*,
2005 WL 6584554 (Sup. Ct. N.Y. Cnty. 2005) ....................................................... 2

*Baldwin v. TMPL Lexington LLC*,
2024 WL 3862150 (S.D.N.Y. Aug. 19, 2024) ..................................................... 7, 8

*Bass v. World Wrestling Fed'n Ent., Inc.*,
129 F. Supp. 2d 491 (E.D.N.Y. 2001) .................................................................. 5

*Beter v. Baughman*,
2024 WL 4252036 (S.D.N.Y. Sept. 5, 2024).......................................................... 7

*Beverley v. 1115 Health & Benefits Fund*,
420 F. Supp. 2d 47 (E.D.N.Y. 2005) .................................................................... 5

*Breest v. Haggis*,
180 A.D.3d 83 (1st Dep't 2019) ....................................................................... 7, 9

*Cadiz-Jones v. Zambretti*,
2002 WL 34697795 (Sup. Ct. N.Y. Cnty. Apr. 9, 2002)........................................ 2

*Casper v. Lew Lieberbaum & Co.*,
1998 WL 150993 (S.D.N.Y. Mar. 31, 1998) ......................................................... 5

*Cohen Bros. Realty Corp. v. Mapes*,
181 A.D.3d 401 (1st Dep't 2020) ...................................................................... 10

*Doe v. Black*,
2024 WL 4335453, (S.D.N.Y. Sept. 27, 2024)....................................................... 6

*Doe v. Combs*,
2024 WL 4987044 (S.D.N.Y. Dec. 5, 2024) .......................................................... 3

*Doe v. Doe*,
83 Misc.3d 408 (Sup. Ct. N.Y. Cnty. 2024) .......................................................... 4

*Doe v. Rees*,
2025 WL 834786 (N.D.N.Y. Mar. 17, 2025) ......................................................... 4

*Dolatabadi v. Finley*,
2023 WL 8895388 (Sup. Ct. N.Y. Cnty. Nov. 23, 2023) ........................................ 9

*Duffy v. Drake Beam Morin*,

1998 WL 252063 (S.D.N.Y. May 19, 1998) ........................................................... 5

*E. Fork Funding LLC v. U.S. Bank, Nat'l Ass'n*,
    118 F.4th 488 (2d Cir. 2024) ................................................................ 4

*Engelman v. Rofe*,
    194 A.D.3d 26 (1st Dep't 2021) ............................................................ 7

*Facebook, Inc. v. Duguid*,
    592 U.S. 395 (2021) ............................................................................. 8

*Garcia v. Comprehensive Ctr., LLC*,
    2018 WL 3918180 (S.D.N.Y. Aug. 16, 2018) .................................... 7, 9

*Gottwald v. Sebert*,
    40 N.Y.3d 240 (2023) .......................................................................... 4

*Gottwald v. Sebert*,
    2016 N.Y. Slip Op. 32815[U] (Sup. Ct. N.Y. Cnty. Apr. 6, 2016) ......... 4

*Gross v. Weber*,
    186 F.3d 1089 (8th Cir. 1999) ............................................................ 2

*Hardwick v. Auriemma*,
    116 A.D.3d 465 (1st Dep't 2014) ......................................................... 5

*Hughes v. Twenty-First Century Fox, Inc.*,
    304 F. Supp. 3d 429 (S.D.N.Y. 2018) .................................................. 7

*Kovkov v. L. Firm of Dayrel Sewell*, PLLC,
    182 A.D.3d 418 (1st Dep't 2020) ....................................................... 10

*Landgraf v. USI Film Prods.*,
    511 U.S. 244 (1994) ............................................................................. 4

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
    739 F.3d 45 (2d Cir. 2013) .................................................................. 7

*Louis v. Niederhoffer*,
    2023 WL 8777015 (S.D.N.Y. Dec. 19, 2023) ...................................... 3

*Murray v. Brag Sales Inc.*,
    2024 WL 4635479 (S.D.N.Y. Oct. 31, 2024) ....................................... 5

*Parker v. Alexander*,
    2025 WL 268436 (S.D.N.Y. Jan. 22, 2025) ..................................... 1, 6

*Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*,
    35 N.Y.3d 332 (2020) .......................................................................... 4

iv

*Rossbach v. Montefiore Med. Ctr.*,
  2021 WL 930710 (S.D.N.Y. Mar. 11, 2021) ........................................................... 9

*United States v. Morrison*,
  529 U.S. 598 (2000) ........................................................................................ 2

**Statutes**

N.Y.C. Admin. Code § 8-904 ........................................................................... 5

NYC Admin. Code § 10-1104 ...................................................................... 8, 10

**Rules**

CPLR §§ 214-g ............................................................................................ 6

CPLR §§ 214-j ............................................................................................ 6

This reply memorandum of law is respectfully submitted on behalf of the Combs Defendants[1] in further support of their motion to dismiss the Complaint.

## PRELIMINARY STATEMENT

As demonstrated in the Combs Defendants' initial brief, Plaintiff's sole claim under the GMVL fails as a matter of law. Plaintiff's efforts in his opposition brief (ECF #65, "Opposition" or "Opp.") to refute these arguments entirely fail.

Plaintiff's claim fundamentally fails because the GMVL cannot be applied retroactively to conduct pre-dating its enactment in 2000. The unanimous case law interpreting the GMVL and the general presumption against retroactivity both compel this conclusion.

Plaintiff's claim also fails because the GMVL does not apply to "crimes of violence" that occurred outside of New York City, regardless of whether Plaintiff resided in New York City. The assault is alleged to have occurred in Long Island.

Plaintiff's GMVL claim also fails because it is time-barred. The GMVL's two-year revival window is preempted by the ASA and CVA, as thoroughly and convincingly explained in *Parker v. Alexander,* 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025).

The GMVL claim also independently fails because it does not allege a serious risk of physical injury. Contrary to Plaintiff's contention, this is a necessary element of his claim, and he is admittedly unable to plead it.

Plaintiff further fails to allege the required GMVL element of gender animus. The mere fact that an allegation involves sexual contact does not establish gender animus, and Plaintiff has failed to plead any words or actions evidencing such animus.

Finally, Plaintiff's claims against the Company Defendants fail for the additional reason

---

[1]    Abbreviations defined in the initial moving brief (ECF # 49, "MOL") are used again herein.

that no basis for liability against them has been pled.  Plaintiff's argument that they "conspired" to have Mr. Combs grope him at a private residential party is belied by the Complaint, which contains no facts supporting this far-fetched theory.

## ARGUMENT

### I.  PLAINTIFF'S GMVL CLAIM FAILS BECAUSE THE GMVL CANNOT BE APPLIED RETROACTIVELY

As Plaintiff concedes, the GMVL had not been enacted at the time of the alleged incident in 1998 and nothing in the statute's text permits retroactive application.  *See* Opp. at 5 (admitting that the GMVL does not "have express provisions that apply [it] to causes of action accruing before its 2000 enactment.").  ***Every court*** addressing the issue has held the GMVL does not apply retroactively.  *See* MOL at 4 (collecting cases).

Plaintiff relies in vain on a single trial court case, *Cadiz-Jones v. Zambretti*, 2002 WL 34697795 (Sup. Ct. N.Y. Cnty. Apr. 9, 2002), but this case did not find that the GMVL applies retroactively.  *Cadiz-Jones* only found that a GMVL claim could be substituted for a timely claim made under the federal Violence Against Women Act ("VAWA"), after the VAWA statute was stricken by the Supreme Court and the GMVL was passed to "fill the gap" left by its obsolescence. *See Cadiz-Jones*, 2002 WL 34697795 (citing *United States v. Morrison*, 529 U.S. 598 (2000)).[2] Thus, *Cadiz-Jones* skirted the issue of the GMVL's retroactivity, expressly exempting from its narrow holding whether the GMVL "should be applied to claims that were not pending when the VAWA was struck down."  *Cadiz-Jones*, 2002 WL 3469775, at *1; *see also Adams v. Jenkins*, 2005 WL 6584554, at *1 (Sup. Ct. N.Y. Cnty. 2005) (holding that *Cadiz-Jones* "is carefully tailored to the circumstances presented [and] . . . consistent with [nonretroactivity], since in that

---

[2]    The VAWA did not apply retroactively either. *See Gross v. Weber*, 186 F.3d 1089, 1091 (8th Cir. 1999).

case application of [the GMVL] . . . did not result in increasing [defendant's] liability for past conduct"); *Louis v. Niederhoffer*, 2023 WL 8777015, at *2 n.2 (S.D.N.Y. Dec. 19, 2023) (*Cadiz-Jones* "is not instructive" on retroactivity for the reason articulated in *Adams*).

Because his position is contradicted by the GMVL's text and the case law interpreting it, Plaintiff attempts to rely on legislative history, but this does not support his position either. As Judge Clarke correctly concluded after reviewing the GMVL's legislative history: "Plaintiff did not point to, and the Court haapplis not found, any pronouncements in the legislative history [of the GMVL] regarding retroactive effect." *Doe v. Combs*, 2024 WL 4987044 at *3-4 (S.D.N.Y. Dec. 5, 2024) (rejecting retroactive application of GMVL). If anything, Plaintiff's citations to the legislative history further support this conclusion. The isolated snippets of testimony that Plaintiff cites neither discuss nor imply any intention for the statute to apply retroactively. *See* Opp. at 6. Thus, the *Combs* Court correctly found that there are not "any pronouncements in the legislative history regarding retroactive effect," and Plaintiff has not refuted that conclusion. *Combs*, 2024 WL 4987044 at *4.

Finally, in the absence of any supportive authority, Plaintiff argues that all of the other courts have gotten this issue wrong on policy grounds. Plaintiff argues that the GMVL's 2022 amendment was intended "to make it easier, not harder" for victims to seek remedies in Court, and therefore should be applied retroactively. This is a non-sequitur. The GMVL's 2022 amendment does make it "easier" for plaintiffs to sue by expanding prospective liability to companies, and it further attempts to create a revival window.[3] It does not follow that the normal rules prohibiting retroactivity should be suspended to allow claims that did not exist at the time of the alleged conduct. *See Niederhoffer*, 2023 WL 8777015, at *1 ("The fact that the GMV Law was amended

---

[3] The GMVL's revival window is preempted by state law. *See* MOL § III; *infra* § III. But even if it were not, it still does not purport to create claims pre-dating the GMVL's enactment.

in 2022—to reopen the statute of limitations for GMV Law claims for a two-year period . . . does not alter this conclusion [that the GMVL is not retroactive].").

Furthermore, the clearest policy consideration here cuts against retroactivity: the strong presumption that retroactivity is disfavored and should only be applied where clearly indicated by the legislature. *See Landgraf v. USI Film Prods.,* 511 U.S. 244, 265 (1994) ("the presumption against retroactive legislation is deeply rooted in our jurisprudence"); *Gottwald v. Sebert*, 40 N.Y.3d 240, 258 (2023) ("statutes will not be given such [retroactive] construction unless the language expressly or by necessary implication requires it"); *E. Fork Funding LLC v. U.S. Bank, Nat'l Ass'n*, 118 F.4th 488, 495 (2d Cir. 2024) (same); *Regina Metro. Co., LLC v. New York State Div. of Hous. & Cmty. Renewal*, 35 N.Y.3d 332, 370 (2020) ("[i]t takes a clear expression of the legislative purpose . . . to justify a retroactive application").

## II.    PLAINTIFF'S GMVL CLAIM FAILS BECAUSE THE ALLEGED CONDUCT OCCURRED OUTSIDE OF NEW YORK CITY

Plaintiff's GMLV claim also necessarily fails because, as Plaintiff admits, the alleged incident occurred in Long Island, outside the territorial reach of the GMVL. *See* Compl. ¶ 35.

Plaintiff incorrectly argues that his alleged residence in New York City at the time of the alleged assault is sufficient to support application of the GMVL. It is not. The sole support for Plaintiff's argument is an outlier case, *Doe v. Doe*, 83 Misc.3d 408, 414-15 (Sup. Ct. N.Y. Cnty. 2024), which is contradicted by the greater weight of authority holding that the alleged "crime of violence" itself must have occurred in New York City to support a GMVL claim. *See Doe v. Rees*, 2025 WL 834786, at *8 (N.D.N.Y. Mar. 17, 2025) (dismissing GMVL claim because "the NYC Code applies only to acts occurring within the boundaries of New York City. None of Defendants' alleged conduct occurred in New York City . . .") (citations omitted); *Gottwald v. Sebert,* 2016 N.Y. Slip Op. 32815[U], at *9 (Sup. Ct. N.Y. Cnty. Apr. 6, 2016) (Kornreich, J.)

4

(GMVL claim "dismissed because the jurisdiction and powers of the City are limited to its geographical borders and [the plaintiff] does not allege ***any violent acts that occurred*** in New York City") (emphasis added); *see also Bass v. World Wrestling Fed'n Ent., Inc*., 129 F. Supp. 2d 491, 506 (E.D.N.Y. 2001) ("Both state and local law limits the Administrative Code's application to ***acts committed within New York City***") (emphasis added); *Beverley v. 1115 Health & Benefits Fund*, 420 F. Supp. 2d 47, 56 n.2 (E.D.N.Y. 2005) ("The NYC Code . . . applies only to *acts occurring within the boundaries of New York City*.") (quotation omitted; emphasis in original); *Casper v. Lew Lieberbaum & Co*., 1998 WL 150993, at \*4 (S.D.N.Y. Mar. 31, 1998) (same); *Duffy v. Drake Beam Morin*, 1998 WL 252063, at \*11 (S.D.N.Y. May 19, 1998) (same).

Numerous cases have rejected the argument that a plaintiff's residence in New York City renders the New York City's Administrative Code applicable to claims based on conduct occurring outside of the city.  *See*, *e.g.*, *Murray v. Brag Sales Inc*., 2024 WL 4635479, at \*2 (S.D.N.Y. Oct. 31, 2024) (courts have "consistently rejected NYCHRL [New York City Human Rights Law] claims brought by City residents who worked elsewhere, holding that the location of the plaintiff's workplace is where the impact of discriminatory conduct occurred") (collecting cases); *Hardwick v. Auriemma*, 116 A.D.3d 465, 466 (1st Dep't 2014) ("The State and City Human Rights Laws do not apply to acts of discrimination against New York residents committed outside their respective boundaries . . . ").[4]

## III.  PLAINTIFF'S GMVL CLAIM IS UNTIMELY BECAUSE STATE LAW PREEMPTS THE GMVL'S REVIVAL PROVISION

Plaintiff's GMVL claim also fails because its timeliness depends on the GMVL's revival

---

[4]    These cases are particularly apposite because the GMVL was originally part of Title 8 of the N.Y.C. Admin Code, alongside the anti-discrimination provisions of the New York City Human Rights Laws.  *See* N.Y.C. Admin. Code § 8-904 (redesignated § 10-1104 on October 16, 2018).

window, which has been held to be preempted by state law.  *See* MOL § III.

Plaintiff points to the decision by Judge Clarke in *Doe v. Black*, 2024 WL 4335453, (S.D.N.Y. Sept. 27, 2024) as his sole counterargument.[5]  However, Judge Clarke's reasoning should not control here for the three reasons articulated by Judge Kaplan in *Parker v. Alexander*, 2025 WL 268436 (S.D.N.Y. Jan. 22, 2025).

First, Judge Clarke's decisions did not consider the ASA, instead focusing solely on the CVA "in isolation."  *Parker*, 2025 WL 268436, at *4.  However, when viewed together, the ASA and CSA clearly "constitute a comprehensive and detailed scheme" governing civil claim revival for sexual offenses.  *Id*.

Second, Judge Clarke focused on the purported lack of complexity of the CVA, but the dispositive question is not whether the laws are complex, but whether they "occupy the entirety of their respective fields due to the breadth of their application."  *Id*.  Accordingly, it does not matter whether other legislative schemes involve a more complex regulatory apparatus.  *Id*.  It suffices that the CVA and ASA contain all "necessary details," which they do by "lay[ing] out precisely the claims to which they apply and the exact start and end dates for their respective revival windows."  *Id*.

Third, Judge Clarke "did not address the plain language of the CVA and ASA, both of which apply *'[n]otwithstanding any provision of law* which imposes a period of limitation to the contrary.'"  *Id*. (citing CPLR §§ 214-g, 214-j) (emphasis added).  This statutory language expresses the legislature's clear intent that the CVA and ASA exclusively govern the limitations period for claims falling within their purview.

---

[5]      The *Black* and *Parker* decisions are currently pending appeal before the Second Circuit.  *See Parker v. Alexander*, No. 25-487 (2d Cir.); *Doe v. Black*, 25-564 (2d Cir.).

**IV.    PLAINTIFF FAILS TO ALLEGE THE REQUIRED "SERIOUS RISK OF PHYSICAL INJURY"**

Plaintiff does not and cannot attempt to argue that the alleged conduct here involved "a serious risk of physical injury" to the Plaintiff.  *See* MOL § IV.

Instead, Plaintiff relies on an outlier case to argue that "serious risk of physical injury" is not required if the plaintiff alleges a "misdemeanor or felony against the person."  Opp. at 7 (citing *Baldwin v. TMPL Lexington LLC*, 2024 WL 3862150 (S.D.N.Y. Aug. 19, 2024)).  This argument is incorrect.   The overwhelming weight of authority, including the First Department, has held that a "serious risk of physical injury" is a necessary element of every GMVL claim, regardless of whether it entails a crime "against the person."  *See Engelman v. Rofe*, 194 A.D.3d 26, 29 (1st Dep't 2021) ("A crime of violence is defined, as pertinent herein, as an act that would constitute a misdemeanor or felony ***against the person*** as defined in state or federal law, ***if the conduct presents a serious risk of physical injury to another***") (quotation omitted; emphases added); *Breest v. Haggis*, 180 A.D.3d 83, 88 (1st Dep't 2019) (similar).  In the absence of precedent from the New York Court of Appeals on this issue, this Court should follow the First Department precedents as the best indicator of how the state's highest court would rule.  *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 739 F.3d 45, 48 (2d Cir. 2013) ("We consider the language of the state intermediate appellate courts to be helpful indicators of how the state's highest court would rule.") (quotation omitted).  Further, other federal courts in this District have not agreed with the *Baldwin* decision.  *See Beter v. Baughman*, 2024 WL 4252036, at *6 (S.D.N.Y. Sept. 5, 2024) (elements of GMVL claim include "(1) the alleged act constitutes a misdemeanor or felony ***against the plaintiff***; (2) ***presenting a serious risk of physical injury*** . . .") (emphases added); *Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018) (same); *Garcia v. Comprehensive Ctr., LLC*, 2018 WL 3918180, at *5 (S.D.N.Y. Aug. 16, 2018) (same).

The *Baldwin* case, upon which Plaintiff bases his argument, relies on a faulty reading of the GMVL. A GMVL claim requires a "crime of violence." *See* NYC Admin. Code § 10-1104. "Crime of violence" is defined as an act "that would constitute a misdemeanor or felony against the person as defined in state or federal law or that would constitute a misdemeanor or felony against property as defined in state or federal law ***if the conduct presents a serious risk of physical injury to another*** . . ." *Id*. (emphasis added). Unlike other New York courts, the *Baldwin* court incorrectly read the final clause requiring "a serious risk of physical injury" to only modify a crime "against property," and not a crime "against the person." *Baldwin*, 2024 WL 3862150, at *11.

*Baldwin's* interpretation violates the series qualifier canon, which provides that when a provision has "a straightforward, parallel construction that involves all nouns or verbs in a series, a modifier at the end of the list normally applies to the entire series." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 402-03 (2021) (quotation omitted). Here, the "straightforward" construction is that the "serious risk of physical injury" clause modifies both crimes against the person and against property. The alternative reading would nonsensically invent "crimes of violence" that carry no risk of injury, as long as they involved some misdemeanor against the person, no matter how de minimis. This is at odds with the common understanding of what "violence" means. *See* Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/violence (defining the word "violence" as "the use of physical force so as to injure, abuse, damage, or destroy"). Moreover, as a practical matter, GMVL claims virtually always involve some crime "against the person" involving unwanted contact,[6] thus *Baldwin*'s interpretation effectively renders the "significant risk of injury" language surplusage, entirely removing what courts have long recognized as an element

---

[6] For example, Plaintiff here asserts that the alleged act constitutes the misdemeanor of "forcible touching." *See* Opp. at 8.

of the claim.

## V.    PLAINTIFF FAILS TO ALLEGE THE REQUIRED GENDER ANIMUS ELEMENT OF A GMVL CLAIM

Plaintiff incorrectly argues that pleading any form of sexual misconduct is sufficient to satisfy the "gender animus" element of a GMVL claim.  Opp. at 9 (citing *Breest*, 180 A.D.3d 83). Where, as here, the alleged sexual misconduct falls short of rape, the element of animus cannot be so inferred.  *See Rossbach v. Montefiore Med. Ctr.*, 2021 WL 930710, at *11 (S.D.N.Y. Mar. 11, 2021) (rejecting GMVL claim based on alleged groping because *Breest*'s holding on presumed gender animus is limited to rape).[7]

Because there is no presumption of gender animus based on the nature of the act, and Plaintiff does not allege that Mr. Combs said or did anything indicative of gender animus, Plaintiff has failed to plead this necessary element.  *See Dolatabadi v. Finley*, 2023 WL 8895388, at *2 (Sup. Ct. N.Y. Cnty. Nov. 23, 2023) (dismissing GMVL claim because the pleading only contained a "conclusory statement" with no "actual language or specific details that would support the claim that the assault was motivated by an animus towards the male gender"); *see also Garcia*, 2018 WL 3918180 at **1, 5 (holding that GMVL claim based on non-rape assault failed to allege gender animus despite defendant's alleged sexualized comments).  Moreover, the Complaint directly undermines the idea that animus can be inferred from the alleged assault because it (falsely) alleges that Mr. Combs has indiscriminately victimized both genders.  *See* Compl. ¶ 7.  The legislative history of VAWA (the stricken federal statute that the GMVL was intended to replace) supports the conclusion that assaults focused on ***one*** gender are uniquely indicative of animus.  *See* Sen. Rep. No. 103-138 at 60 (1993) (stating that potential evidence of animus included "that the attacker

---

[7]    Moreover, even if an actual rape were alleged (and it is not), *Breest's* holding has not been (and should not be) extended to male-on-male assaults.  *See* MOL at 13 n. 6.

had a long history of attacking persons of that sex, but not those of the opposite sex").

## VI.   THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THE GMVL DID NOT APPLY TO CORPORATE ENTITIES AT THE TIME OF THE ALLEGED MISCONDUCT

As set forth at *supra* § I and MOL §§ VI, the GMVL does not apply retroactively, and therefore Plaintiff's GMVL claim fails doubly against the Company Defendants because the GMVL did not apply to corporate entities until it was amended in 2022, as courts have (again) unanimously held.

## VII.  THE GMVL CLAIM AGAINST THE COMPANY DEFENDANTS FAILS BECAUSE THERE ARE NO ALLEGATIONS OF CONDUCT SUBJECTING THEM TO LIABILITY

The Complaint fails to allege liability against the Company Defendants, which can only be imposed on a party that "commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender." N.Y.C. Admin. Code § 10-1104. Plaintiff argues that the Company Defendants "conspired" to commit the alleged unwanted physical contact, but there are no factual allegations in the Complaint to support this.

Plaintiff cites the elements of civil conspiracy (Opp. at 17), but these only highlight the Complaint's failure to plead any conspiracy. A conspiracy claim is only "permitted to connect the actions of separate defendants with *an otherwise actionable tort*" and requires "an *agreement* between two or more parties; *an overt act* in furtherance of the agreement; [and] the parties *intentional participation* in the furtherance of a plan or purpose." *Cohen Bros. Realty Corp. v. Mapes*, 181 A.D.3d 401, 404 (1st Dep't 2020) (emphases added). No facts are alleged that support the existence of any agreement, overt act, or intentional participation by the Combs Defendants in connection with Mr. Combs' alleged fondling of the Plaintiff at a private residential party. "Bare, conclusory allegations of conspiracy are insufficient." *Kovkov v. L. Firm of Dayrel Sewell*, PLLC, 182 A.D.3d 418, 419 (1st Dep't 2020).

The Opposition's extended discussion of successor liability is inapposite to this motion and appears to have been mistakenly included in response to arguments that the Combs Defendants have raised in other cases regarding corporate formation dates.  *See* Opp. at 10-16.  In any event, successor liability is irrelevant because Plaintiff has not plead a basis for liability against *any* entity, let alone any factual basis for holding some other entity liable as its successor.

## **CONCLUSION**

The Combs Defendants respectfully request that the Court issue an order dismissing the Complaint against them in its entirety with prejudice.

Dated: April 30, 2025
      New York, New York

Respectfully submitted,

SHER TREMONTE LLP

*/s/ Mark Cuccaro*
Mark Cuccaro
Michael Tremonte
Erica Wolff
Raphael A. Friedman
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 202-2600
mcuccaro@shertremonte.com
mtremonte@shertremonte.com
ewolff@shertremonte.com
rfriedman@shertremonte.com
*Attorneys for Combs Defendants*

## <u>CERTIFICATION OF COMPLIANCE</u>

The undersigned counsel of record for the Combs Defendants certifies that the foregoing brief complies with the 3,500-word limit set forth in Rule 7.1(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The foregoing brief contains 3,339 words, excluding those portions of the brief excluded from the count by Rule 7.1(c), according to the Word Count feature on Microsoft Word.

Dated:  April 30, 2025
       New York, New York

                            Respectfully submitted,

                            SHER TREMONTE LLP

By:    */s/ Mark Cuccaro*