UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE,<br><br>        Plaintiff,<br><br>-against-<br><br>DADDY'S HOUSE RECORDINGS INC., CE OPCO, LLC d/b/a COMBS GLOBAL f/k/a COMBS ENTERPRISES LLC, BAD BOY ENTERTAINMENT HOLDINGS, INC., BAD BOY PRODUCTIONS HOLDINGS, INC., BAD BOY BOOKS HOLDINGS, INC., BAD BOY ENTERTAINMENT LLC, BAD BOY PRODUCTIONS LLC, and ORGANIZATIONAL DOES 1-10,<br><br>        Defendants. | Case No. 1:24-cv-07778 (JLR)<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff John Doe, proceeding anonymously, brings this action pursuant to the New York City Victims of Gender-Motivated Violence Protection Law ("VGMVPL"), N.Y.C. Admin. Code § 10-1101 *et seq. See generally* Dkt. 1 ("Complaint" or "Compl."). Defendants have moved to dismiss the Complaint. *See* Dkt. 47. The parties now move for a stay of this action during the pendency of two appeals before the Second Circuit: *Parker v. Alexander*, No. 25-487 (2d Cir. filed Mar. 3, 2025), and *Doe v. Black*, No. 25-564 (2d Cir. filed Mar. 11, 2025). *See* Dkt. 72; *see also* Order, *Black*, No. 25-564 (2d Cir. Apr. 16, 2026), ECF No. 46.1 (directing *Parker* and *Black* to be heard in tandem). For the reasons that follow, the Court grants the parties' request.

  In *Parker* and *Black*, the Second Circuit is expected to address a question raised in the instant case: whether the VGMVPL is preempted by the New York Child Victims Act ("CVA"), *id.* § 214-g, and Adult Survivor's Act ("ASA"), N.Y. C.P.L.R. § 214-j. *See* Brief and Special Appendix for Plaintiff-Appellant, *Parker*, No. 25-487 (2d Cir. Apr. 23, 2025),

ECF No. 23.1. The CVA and ASA — enacted in 2019 and 2022, respectively — established revival windows for adult victims of sexual offenses and adult survivors of child sexual offenses to file otherwise time-barred claims. *See* N.Y. C.P.L.R. §§ 214-g, 214-j. In 2022, prior to the enactment of the ASA, New York City Council amended the City's VGMVPL to create a revival window for victims of gender-motivated violence. *See* N.Y.C. Admin. Code § 10-1105. The district court in *Black* held that the VGMVPL is not preempted by either the CVA or ASA, whereas the district court in *Parker* held that it is preempted by both — accordingly, the VGMVPL claim in *Black* survived dismissal while the VGMVPL claim in *Parker* was dismissed as untimely. *See Black*, 2024 WL 4335453, at *1, *7 (S.D.N.Y. Sept. 27, 2024); *Parker*, No. 24-cv-04813 (LAK), 2025 WL 268436, at *5 (S.D.N.Y. Jan. 22, 2025). In the instant case, Defendants seek dismissal of the Complaint based on the same preemption argument that was rejected in *Parker* but accepted in *Black*. *See* Dkt. 49 at 6-10.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (alteration in original) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "Court generally consider five factors in determining whether to stay a proceeding, including: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Radosti v. Hudson's Bay Co.*, No. 18-cv-12266 (VSB), 2020 WL 13369046, at *1 (S.D.N.Y. Sept. 29, 2020) (quoting *Fagan v. Republic of Austria*, No. 08-cv-06715 (LTS) (JCF), 2009 WL 1423338, at *4 (S.D.N.Y. May 19, 2009)). "[T]he first and second factors are the 'most critical.'" *Schiller-Egles v.*

*PromptCare Cos., Inc.*, No. 23-cv-06790 (KMK), 2025 WL 904331, at *11 (S.D.N.Y. Mar. 25, 2025) (quoting *Gabay v. Roadway Movers, Inc.*, No. 22-cv-06901, 2023 WL 3569351, at *1 (S.D.N.Y. May 19, 2023)).

The Court will grant the requested stay here primarily because both parties seek the stay. "The Second Circuit's decision . . . could contain guidance that 'would allow this litigation to proceed on a reasonable and efficient basis.'" *Addi v. Int'l Bus. Machs., Inc.*, No. 23-cv-05203 (NSR), 2024 WL 2802863, at *5 (S.D.N.Y. May 31, 2024) (quoting *Lamb v. Forbes Media LLC*, No. 22-cv-06319 (ALC), 2024 WL 1364678, at *2 (S.D.N.Y. Apr. 1, 2024)). The parties, all of whom consent to the stay, "stand to benefit from gaining clarity on the scope of the [VGMVPL] before engaging in potentially expensive — and uncertain — litigation." *Doe v. Alexander*, No. 25-cv-01631 (JAV), 2025 WL 1384786, at *1 (S.D.N.Y. Apr. 25, 2025) (alteration in original) (quoting *Leslie v. Thompson Reuters Corp.*, No. 22-cv-07936 (JHR), 2023 WL 6173511, at *2 (S.D.N.Y. Sept. 22, 2023)). Otherwise, the Court risks ruling at odds with the Second Circuit's decision and delaying resolution of the action further. *Id.* "Under these circumstances, staying the case would also preserve judicial resources, which serves the interests of the courts and the public." *Pry v. Auto-Chlor Sys., LLC*, No. 23-cv-04541, 2024 WL 3728981, at *2 (S.D.N.Y. Aug. 8, 2024).

For these reasons, the Court GRANTS the parties' joint request to stay this case pending the resolution of the appeals in *Parker* and *Black*. The parties shall file a joint status letter with the Court no later than August 14, 2025, and every ninety (90) days thereafter. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 72 and mark this case as stayed.

Dated: May 16, 2025
       New York, New York

                                        SO ORDERED.

                                        *Jennifer Rochon*
                                        JENNIFER L. ROCHON
                                        United States District Judge